DENISON *v.* LADD Et Al.

No. 2939

April 26, 1932.                    10 P.(2d)637.

*A. A. Hinman,* for Appellant:

188

*Stevens, Henderson & Nolan,* for Respondents:

## OPINION

By the Court, DUCKER, J.:

This action was brought by plaintiff to recover the first installment of $10,500 paid on a contract for the sale and purchase of certain real property situated in the city of Las Vegas, and damages for the breach of said contract. By the terms of the contract entered into on the 5th day of February, 1929, defendants agreed to sell said property for $28,000 payable as follows, to wit: "$10,500 to be paid at the First State Bank, in the City of Las Vegas, upon the execution of the agreement and the balance as follows, to wit: $2,187.50 on or before the 5th day of May, 1929, and $2,187.50 on or before the 5th day of each and every third month thereafter until the whole of said balance was paid, together with interest at the rate of 8% per annum on deferred payments."

It was agreed that in the event the plaintiff failed to comply with the terms of the contract the defendants could, at their option, be released from all obligation, in law or equity, to convey said property and should forfeit all right thereto, and all money theretofore paid

should be deemed liquidated damages; that the defendants on receiving such payments at the time and in the manner above mentioned, would, within a reasonable time, execute and deliver to said plaintiff or to his heirs, successors, or assigns, a restricted grant, bargain, and sale deed conveying said land free and clear of all incumbrances, except taxes and assessments assumed or to be paid by the defendants hereunder.

The defendants agreed to deliver to plaintiff, within a reasonable time of date of contract, a good and sufficient abstract of title prepared and certified by a duly commissioned abstractor, or by the county recorders of Clark and Lincoln Counties, showing the title to be vested in defendants free and clear of all liens and incumbrances, and agreed that until such abstract of title showing title to be vested in defendants as aforesaid was furnished, all further payments hereunder should be deferred, until the same was so furnished and delivered. It was also agreed "that time is of the essence of this agreement."

The first payment of $10,500 agreed to be paid by plaintiff to defendants upon the execution of the contract was paid by him. On May 21, 1929, each of the defendants was served with a written notice of rescission of said contract signed by plaintiff and demand for the return to plaintiff of said $10,500. The ground of rescission stated therein was "that you and each of you have failed to deliver a good and sufficient abstract of title as provided in said agreement."

The action was tried by the court without a jury and judgment entered for defendants. Plaintiff has appealed from the order denying his motion for a new trial.

There are several assignments of error, but they embrace but one point, and that is, whether the defendants breached the contract by failing to deliver to plaintiff within a reasonable time from the date thereof a good and sufficient abstract of title to the property involved as provided in the contract. The trial court held that there was no failure of performance in this respect, and it is insisted that the findings from which

this conclusion was derived are not supported by the evidence.

As previously stated, the contract was executed on February 5, 1929. On this occasion a clause in the contract as prepared, providing that the abstract should be furnished within thirty days, was struck out and the clause, "within a reasonable time," inserted instead. This change was made because Mr. Delkin, one of the defendants, objected that the time, thirty days, was too short. At this time the question of the marital status of one Ben Mounts, a grantor and grantee in the chain of title, came up, and defendant Ladd agreed to furnish his affidavit that Mounts was a single man.

The first payment of $10,500 was deposited in the First State Bank of Las Vegas to the credit of defendants. Shortly after the execution of the contract the defendant Ladd ordered from Mr. Whitehead, the county recorder of Clark County and a commissioned abstractor, an abstract of title and told him to prepare the affidavit as to the marital status of Mounts.

The abstract was furnished by Mr. Whitehead and delivered to defendants about March 1, 1929, and was delivered to plaintiff about March 27. He had left Las Vegas for his home in California on the evening after the contract was executed, and did not return until the latter part of March. After plaintiff received the abstract he employed Mr. Alward, an attorney at law, to examine it. Mr. Alward, on the following day, reported that part of the property was missing from the abstract. Plaintiff instructed Alward to go ahead and clear the matter up, and left Las Vegas the next morning.

On or about the 1st day of April, Alward met Ladd on the street and told him that plaintiff had asked him to examine the abstract and he found that lot 1 was missing. Ladd referred him to Mr. Henderson, an attorney at law. Alward testified that he saw Henderson in his office on the 1st or 2d of April, but got no satisfaction from him; that he saw Ladd again about the 6th of April and told him of his conversation with Henderson

and that Henderson didn't know much about the property, that he told Ladd again that plaintiff had employed him to examine the abstract and that lot 1 was missing; that Ladd said, "I own all that property and the abstract is all right, he can take it as it is, I will not furnish him with another abstract."

Ladd denied that he made the statement attributed to him by Alward at this meeting.

On May 7, 1929, Ladd notified the bank that plaintiff had failed to pay his installment due on the contract, and the bank on that day wrote to plaintiff in Newport Beach, Calif., of the past-due payment. A few days later plaintiff in reply stated that he had not realized that the time for the second payment had arrived, provided the abstract was acceptable, and, as to that, his attorney was not quite satisfied with the abstract supplied by Mr. Ladd; that while he felt Ladd knew the title to the property was all right, yet he did not feel at liberty to make any further payments until he got a clear report; that to hasten the matter he was writing his attorney at Las Vegas to check on it to verify the findings one way or the other; that he would be obliged to withhold check for second payment until he reported the abstract acceptable, and that as soon as he had heard from his attorney he would communicate with the bank, and also requested the bank to allow his attorney to examine the abstract.

Nothing further was done in the matter until May 21, 1929, when written notice of rescission of the contract was served on all the defendants, as before stated. The defendants, upon receipt of this notice, at once took the matter up with their attorneys, who caused Ladd to make the affidavit concerning the marital status of Mounts. This affidavit was made and recorded on May 25, 1929. These attorneys, upon examining the abstract, found several defects, and proceeded to clear them up. This action was instituted on July 12, 1929. On or about December 24, 1929, the defendants offered an additional abstract to plaintiff's attorney, who refused to accept it, and on the same date defendants notified plaintiff by letter, and requested instructions as to where to deliver

the abstract. They received no answer, and deposited the abstract with the clerk of the court.

■ What constitutes a reasonable time for the performance of a contract depends on the nature of the contract and the particular circumstances. 13 C. J. 685.

■■ We think that under the circumstances a reasonable time for defendants to deliver an abstract to plaintiff as agreed had expired when the latter exercised his right to withdraw from the contract. Almost four months had elapsed from the execution of the contract on February 5 to the time when plaintiff served his notice of rescission. There were no material difficulties in the way of their obtaining an abstract of the record title in Clark County or in Lincoln County in a short time. The recorder of Clark County furnished it on March 1, and the recorder of Lincoln County testified that he could have furnished an abstract from his records in ten days. It is conceded that the evidence shows without dispute that the abstract delivered on March 27 did not show a good title in defendants. The trial court, in the written opinion, which we find in the record, seemed to think that plaintiff, when he received the abstract, was under some duty to point out defects, if any there were, and that defendants would then have a reasonable time to remedy such defects. Defendants share this view. It is erroneous. It would have been generous of plaintiff in a business way to do so, but there was no contractual obligation requiring him to do it. The defendants had unqualifiedly agreed to deliver to plaintiff within a reasonable time from the date of contract a good and sufficient abstract of title showing the title to be vested in defendants free and clear of all liens and incumbrances. Certainly the plaintiff had a right to contract for this, and in doing so he relieved himself of any duty of pointing out defects. The burden was on the defendants to furnish the abstract they had agreed to furnish within a reasonable time. Smith v. Taylor, 82 Cal. 533, 23 P. 217; Boas v. Farrington, 85 Cal. 535, 24 P. 787.

■ A different situation might be presented if the

contract had been silent on this point. It is not correct to say that plaintiff waived anything in this respect simply because his attorney Alward spoke to defendant Ladd and attorney Henderson about a defect in the abstract, or that he waived the reasonable time agreed upon by his letter to the bank. There was nothing in either of these circumstances to warrant defendants in concluding that plaintiff must move in the matter other than to accept or reject the abstract and thus ratify or withdraw from the contract. There is no evidence of waiver.

Defendants claim they were justified in not delivering an abstract showing good title earlier than their tender of the supplemental abstract on December 24, 1929, on account of the conduct of plaintiff in not notifying them of defects, and because they did not know their title was defective until after the notice of rescission; that they then proceeded with reasonable diligence to obtain the necessary deeds to clear up these defects and to prepare and offer the supplemental abstract showing good title.

██ A vendor is presumed to know the condition of his own title. 25 Cal. Jur. p. 554; Parsons v. Weis, 144 Cal. 410, 77 P. 1007. Moreover, if the defendants did not know that their title was defective before the notice of rescission, it was the result of their own neglect. The defendant Ladd knew that there was some question about it as early as April 1, on account of his contact with Alward; yet he did nothing. They did not exercise ordinary diligence, and the amount of diligence used is an element to be considered in deciding whether an undertaking has been performed within a reasonable time. An example of the lack of diligence shown by defendants is presented in the matter of furnishing the affidavit concerning the marital status of Mounts. Defendant Ladd agreed to make this affidavit, and there is nothing to indicate that it could not have been made in a very short time. Ladd failed to provide it until after the notice of rescission, a period of nearly four months. It is true he testified that he spoke to the recorder several times about the affidavit, but it

was not necessary to make it before the recorder. It could have been taken before any officer authorized to administer an oath.

We find no merit in the contention made by defendants' counsel in concluding their brief that the complaint does not state facts sufficient to constitute a cause of action.

The judgment is reversed, and a new trial ordered.