MOHR PARK MANOR, INC., A NEVADA CORPORATION, AND JAMES M. McGROARTY, APPELLANTS, v. BANK OF NEVADA, ADMINISTRATOR, WITH THE WILL ANNEXED, OF THE ESTATE OF ANNA MOHR, RESPONDENT.

No. 6427

November 2, 1971                    490 P.2d 217

[Rehearing denied November 19, 1971]

*Beckley, De Lanoy & Jemison,* of Las Vegas, for Appellants.

*Coulthard, Smith & O'Brien,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This matter concerns an option agreement for the purchase of real property, and is before us for the second time. The agreement was executed on March 2, 1962, between Anna Mohr as optionor-seller and Mohr Park Manor, Inc., as optionee-buyer and concerned approximately 150 acres of land in Clark County, Nevada, to be sold for $3000 per acre. The buyer intended to secure financing with which to pay for the land, subdivide it and build thereon a senior citizens project. The agreement, however, did not fix a time within which financing was to be secured and the option exercised. As of November 1, 1962, Anna Mohr had received no payments for her property and, therefore, commenced this action for declaratory relief contending that the option agreement was a nullity and constituted a cloud upon her title which should be erased.[1] The district court ruled in her favor and voided the agreement primarily for the reason that it did not specify a time within which the option was to be exercised. On the first appeal we reversed that ruling, Mohr Park Manor, Inc. v. Mohr, 83 Nev. 107, 424 P.2d 101 (1967), noting that the option was for an indefinite but limited time, that time being "as soon as financing has been obtained," and held that, in such circumstances, it is appropriate to imply a reasonable time for performance. Id. at 114. Accordingly, we remanded the matter to the district court "for the factual determination of what is a reasonable time within which the option may be exercised in the context of this case." Id. at 115. The parties stipulated that the factual determination could be made by the district court upon the record of the original trial without additional evidence being received. The court once more ruled for the optionor-seller and expressly found that the optionee had not secured financing for the project within a reasonable time. Judgment was entered accordingly, and this appeal followed.

---

[1]Anna Mohr died during the litigation and the Bank of Nevada was substituted in her place.

A reasonable time for the performance of a contract depends upon the nature of the contract and the particular circumstances involved. Denison v. Ladd Et Al., 54 Nev. 186, 10 P.2d 637 (1932). The factual determination by the district court that a reasonable time for performance by the optionee has passed when this suit was commenced is challenged by the appellant as clearly erroneous, NRCP 52(a), and not supported by any credible evidence. In short, it is the appellants' argument that all of the evidence in the record shows that financing a project of the size and complexity here contemplated must await engineering of the property, the preparation of cost data for off-site improvements, and the approval of subdivision plats by the city commission, all of which requires nine to ten months of time and effort, moreover, that such period of time had not passed when this suit was filed and the option repudiated by Anna Mohr. Although the record does contain such evidence, it also contains evidence that the optionee had not proceeded diligently to secure the requisite financing, a tentative commitment for which could have been obtained subject to final approval of the plan by the city commission. Accordingly, we affirm.