ALBERT TAVEL and FELIX MARQUANI, Appellants,
v. LEIF OLSSON and JOHN DOES I Through XV,
dba THE VETERANS, Respondents.

No. 7449

May 30, 1975                              535 P.2d 1287

*Boyd, Leavitt & Freedman,* of Las Vegas, for Appellants.

*Michael L. Hines,* of Las Vegas, for Respondents.

## OPINION

By the Court, BATJER, J.:

In April of 1967, appellants negotiated an agreement with the Tropicana Hotel, Las Vegas, Nevada, on behalf of respondents, for the booking of their acrobatic act. The agreement provided that the booking would begin as of December 20, 1967, and that respondents would pay 10% of their weekly salary to appellants as a commission "for the length of our engagement, as well as on all prolongations or reengagements." This agreement contained no specific termination date.

On November 30, 1968, respondents closed their engagement with the Tropicana having paid the required weekly commission to appellants during the term of the engagement. After leaving the Tropicana, they began a European tour making several appearances in different countries.

In April or May of 1970, they cabled appellants regarding future employment, stating that they were available for bookings. At that time appellants took no action to book respondents at the Tropicana or elsewhere.

In the fall of 1970, a Mr. Roth, who is a New York booking agent, contacted a Mr. Sloate at the Tropicana Hotel regarding the employment of respondents, and a contract was signed for their performance.

On December 25, 1970, respondents opened at the Tropicana. They closed their engagement on November 6, 1971. In June of 1971 appellants filed an action seeking to recover a 10% commission on the booking secured by Mr. Roth. The claim was based upon the agreement made in April of 1967.

The trial court, in finding for respondents, said: "An agreement to perform at the Tropicana Hotel entered into some two years subsequent to the conclusion of the first year's agreement should not be construed as a reengagement pursuant to the one page agreement between the parties. . . . The Court feels that to allow the agency agreement of the plaintiffs to exist for a period of more than one year subsequent to the initial agreement between defendants and the Tropicana Hotel would be an unreasonable interpretation." Judgment was entered on June 27, 1973, in favor of respondents, and this appeal followed.

Appellants contend that the trial court erred as a matter of law in finding no reengagement under the terms of the agreement and in concluding that one year was a reasonable duration for the 1967 agreement.

We need not determine whether the 1970–1971 engagement at the Tropicana was a reengagement because the trial court properly exercised its discretion and did not commit error when it concluded that one year was a reasonable duration for the 1967 agreement.

Where an agreement does not contain a provision as to the period of duration the court will imply a reasonable time. Richardson v. Jones, 1 Nev. 405 (1865). In determining what constitutes a reasonable period of time the trial court makes its determination from the nature of the contract and the particular circumstances involved. Denison v. Ladd, 54 Nev. 186, 10 P.2d 637 (1932); Mohr Park Manor, Inc. v. Bank of Nevada, 87 Nev. 520, 490 P.2d 217 (1971).

The record reveals that the length of the initial engagement was for a period of approximately one year. Thereafter respondents were in various parts of the world performing. Nearly two years after the completion of the original booking, Roth, and not the appellants, secured the second engagement at the Tropicana. After respondents cabled appellants informing them of their availability, appellants took no steps whatsoever to contact the Tropicana. Moreover, the second booking was for an entirely new act even though respondents continued to perform under the tradename of "Veterans."

Upon these facts the trial court acted within the reasonable limits of its discretion in concluding that one year was a reasonable duration for the 1967 agreement. There is considerable support in the record for the result reached in this case, and it should not be disturbed on appeal. Sala & Ruthe Realty, Inc. v. Deneen, 89 Nev. 98, 507 P.2d 140 (1973); Lyon v. Walker Boudwin Constr. Co., 88 Nev. 646, 503 P.2d 1219 (1972); Jensen v. Brooks, 88 Nev. 651, 503 P.2d 1224 (1972).

GUNDERSON, C. J., and ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.