JEAN MACDONALD, Appellant, v. WILLIAM KASSEL and CAROL KASSEL, Respondents.

No. 12274

June 24, 1981                         629 P.2d 1200

*Rogers, Monsey, Woodbury & Berggreen,* and *John M. Sacco,* Las Vegas, for Appellant.

*Fitzgibbons, Beatty & Phillips,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellant filed a civil complaint against respondents alleging: (1) that respondents violated an oral agreement between the parties by failing to convey a certain piece of real property; (2) that respondents fraudulently hold title to a parcel of real property of which appellant is the rightful owner by virtue of having paid the entire purchase price therefor as well as all taxes and assessments attributable thereto, and (3) that respondents hold title to the subject property as constructive trustees for appellant. Respondents did not answer the complaint but instead moved to dismiss the complaint for failure to state a claim upon which relief could be granted, contending that appellant's claims for relief were barred by the statute of limitations. *See* NRCP 12(b)(5). The district court granted the respondents' motion and dismissed appellant's complaint. This appeal followed.

Initially, we note that, in conjunction with the parties' pleadings, the district court received and considered the affidavits of respondents and appellant. In effect then, the lower court treated and disposed of the respondents' motion to dismiss as a Rule 56 motion for summary judgment. *See* NRCP 12(b); Cummings v. City of Las Vegas Mun. Corp., 88 Nev. 479, 499 P.2d 650 (1972); Kellar v. Snowden, 87 Nev. 488, 489 P.2d 90 (1971); Paso Builders, Inc. v. Hebard, 83 Nev. 165, 426 P.2d 731 (1967). On appeal, therefore, we will so view the matter.

The parties conceded, for purposes of the motion, that in March 1961, prior to the purchase of a parcel of undeveloped real estate, there was an oral agreement between appellant and respondents. According to that agreement appellant would purchase the land and respondents would take and hold title to the property in their own names until appellant asked respondents to reconvey it to appellant. Thus, the parties entered into an oral agreement which contemplated performance "upon request."

The record indicates that appellant did, in fact, pay the entire purchase price for the property and continued to pay all taxes and other expenses incidental to the ownership thereof. Nothing further was ever discussed between appellant and respondents concerning the property, and it remained undeveloped. In June 1977, after a period of sixteen years, appellant made demand upon respondents to convey the property to her. Respondents refused and appellant initiated this lawsuit on May 31, 1979.

With regard to the cause of action based on contract, respondents argue that when an agreement does not specify a time within which performance is to be rendered, a reasonable time must be implied by the reviewing court. Respondents further argue, without citing any authority, that it is unreasonable as a matter of law to call for the performance of this agreement beyond a period of fourteen years. Since the agreement dates back to March 1961, respondents conclude that the appellant's cause of action could accrue no later than March 1975. Thus, respondents would have us hold that appellant's lawsuit filed in May 1979 was barred by the four year statute of limitation set forth in NRS 11.190(2)(c).

This court has consistently held that what constitutes a reasonable period of time for performance must be determined from the nature of the agreement and the particular circumstances involved. Tavel v. Olsson, 91 Nev. 359, 535 P.2d 1287 (1975); Mohr Park Manor, Inc. v. Bank of Nevada, 87 Nev.

520, 490 P.2d 217 (1971); Southward v. Foy, 65 Nev. 694, 201 P.2d 302 (1948); Denison v. Ladd Et Al., 54 Nev. 186, 10 P.2d 637 (1932). Thus, whether appellant's demand for performance was made within a reasonable time is a question which must be resolved before the statute of limitations issue can be determined. We have suggested that under certain circumstances a period of time may be deemed as a matter of law an unreasonable amount of time within which to delay making a demand for performance, *see* Southward v. Foy, *supra*. Upon the record before this court at this time, however, we cannot agree with respondents' contention that, as a matter of law, the appellant could not call for performance beyond 1975.

Since even under respondents' own theory of the case, there were material issues of fact to be resolved prior to finding that the statute of limitations barred appellant's complaint, the district court erred when it granted respondents' motion to dismiss. *See* NRCP 56(c); Bader Enterprises, Inc. v. Becker, 95 Nev. 807, 603 P.2d 268 (1979); Short v. Hotel Riviera, Inc., 79 Nev. 94, 378 P.2d 979 (1963).

In addition, we note that respondents' answering brief is deficient in that it lacks any discussion as to the dismissal of appellant's remaining claims for relief. *Cf.* Fitzpatrick v. Floriano, 92 Nev. 18, 544 P.2d 895 (1976); Kitchen Factors, Inc. v. Brown, 91 Nev. 308, 535 P.2d 677 (1975).

Accordingly, the judgment of the district court is reversed and this case is remanded for further proceedings consistent with this opinion.