TYRONE HAVAS, Appellant, v. DARYL ENGEBREGSON, Respondent.

No. 11019

September 9, 1981                    633 P.2d 682

*Richard A. Wright,* Las Vegas, for Appellant.

*Morse-Foley* and *Harold M. Morse,* Las Vegas, for Respondent.

## OPINION

By the Court, TORVINEN, D. J.[1]:

On June 25, 1973, Tyrone Havas as plaintiff commenced this suit against Daryl Engebregson, a licensed practicing attorney, alleging negligence, professional malpractice and damages (second Havas-Engebregson case). Engebregson was served and his default entered July 19, 1973. A motion to set aside the default

[1]The Governor designated The Honorable Roy L. Torvinen, Judge of the Second Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const. art. 6, § 4.

was filed by Engebregson July 26, 1973. On July 27, 1973, a clerk's default judgment was entered against Engebregson. On August 8, 1973, an order was entered setting aside the default. At a later date another order was entered declaring the default judgment void pursuant to NRCP 55(b)(1).

Early in 1970, Victor and Tyrone Havas, dba Courtesy Motors, retained Engebregson as their attorney. Thereafter a suit, Kellett v. Tyrone Havas, dba Courtesy Motors, was commenced and on December 16, 1970, a default judgment was entered against Havas. Engebregson filed a motion to set aside the default judgment August 2, 1971. The trial court in Kellett v. Havas entered its order denying the motion to set aside the default judgment May 1, 1972. The Havases paid the Kellett judgment in May, 1972.

On October 29, 1971, Victor and Tyrone Havas filed suit in two counts against Engebregson (first Havas-Engebregson case) alleging in Count I that they had turned over numerous files to Engebregson and that he: "(a) has not performed his services as an attorney, (b) has failed on occasion to attend court; and (c) has been unavailable for the plaintiffs' consultation concerning their matters." The complaint goes on to allege that although Engebregson agreed to return the plaintiffs' files, he failed to do so. Count I of the complaint prayed only for the return of the files. Count II of the complaint alleged that Engebregson was indebted to the Havases for money and goods advanced (after offsetting a smaller sum admitted as owing to Engebregson for legal services rendered). Engebregson counterclaimed for fees based on legal work performed, and for costs.

In this, the second Havas-Engebregson case, the trial judge decided that a cause of action for malpractice arose sometime between the entry of the default judgment, December 16, 1970, and the filing of the motion to set aside that judgment, August 2, 1971. The trial court held that malpractice was an issue which could have been resolved in the trial of the first case and, therefore, the issue was barred by the doctrine of *res judicata.*

Havas raises two issues on this appeal. First, he claims that the default judgment filed July 27, 1973, is still valid and enforceable. Second, he asserts that the action for his files, and the counterclaim for attorney's fees, are not a bar to the subsequent action for professional malpractice.

1.   *Validity of the default judgment.*

Havas' contention that the default judgment is still valid and enforceable is without merit. The clerk's default judgment was

not supported by affidavit. NRCP 55(b)(1). Engebregson appeared in the case by filing his motion for relief from the default July 26, 1973. No prior notice of default judgment was given NRCP 55(b)(2). Under these circumstances, the court below was correct in vacating the default judgment. *See* Cheek v. Bell, 80 Nev. 244, 391 P.2d 735 (1964).

2.   *Res judicata as a bar to the second action.*

Respondent contends that the question of negligence was litigated in the first Havas-Engebregson lawsuit, and is therefore barred by the doctrine of *res judicata. See* Landex, Inc. v. State ex rel. List, 94 Nev. 469, 582 P.2d 786 (1978).

A careful reading of the transcript in the first Havas-Engebregson case shows that the question of negligent performance by Engebregson was specifically not tried. Although testimony alluded to the Kellett judgment, both counsel informed the court that negligence had not been pled and was not being tried in the case. The trial judge in that case filed an eight-page decision which made no mention of any malpractice or negligence, and awarded Engebregson attorney's fees for work performed on behalf of Victor and Tyrone Havas, doing business as Courtesy Motors.

Respondent also argues that even if negligence was not actually litigated in the first Havas-Engebregson lawsuit, the matter should have been litigated, and Havas is precluded from raising the matter in subsequent litigation. *See* Reno Club v. Harrah et al., 70 Nev. 125, 260 P.2d 304 (1953).

In Jewett v. Patt, 95 Nev. 246, 247, 591 P.2d 1151, 1152 (1979), this court said: "An action for professional malpractice does not accrue until the plaintiffs know, or should know, all facts material to the elements of the cause of action and damage has been sustained."

One of the elements of the tort of professional negligence is, "actual loss or damage resulting from the professional's negligence." Sorenson v. Pavlikowski, 94 Nev. 440, 443, 581 P.2d 851, 853 (1978).

Determinations as to the time when a plaintiff knew or should have known of legal malpractice, and the time when a plaintiff suffered damages resulting from the legal malpractice, are questions of fact for the trier of fact. *See* Budd v. Nixen, 491 P.2d 433, 437-38 (Cal. 1971). In the present case it is unclear when Havas knew or should have known of all facts

material to the alleged malpractice. It is also unclear when
Havas suffered damages, if any, as a result of Engebregson's
alleged negligence.[2]

Accordingly, questions of fact exist as to whether Havas had
a cause of action for legal malpractice against Engebregson
when the first Havas-Engebregson case was commenced. If the
legal malpractice cause of action had not yet accrued, it could
not have been included in the first Havas-Engebregson litiga-
tion, and it would not be barred by the doctrine of *res judicata*
in the subsequent suit. *See* Round Hill Gen. Improvement v. B-
Neva, 96 Nev. 181, 606 P.2d 176 (1980); Clark v. Clark, 80
Nev. 52, 389 P.2d 69 (1964).

Under these circumstances, the district court erred by
granting the motion to dismiss.[3] Therefore, we reverse the
judgment of the district court and remand for further proceed-
ings.

GUNDERSON, C. J., and MANOUKIAN and BATJER, JJ., and
McKIBBEN, D. J.,[4] concur.

---

[2]Although a default judgment was entered in the Kellett matter in
December, 1970, Engebregson filed a motion to set aside the judgment in
August, 1971. The motion was denied in May, 1972, and Havas paid the
judgment at that time. Of course, we express no opinion as to when the
cause of action for legal malpractice accrued.

[3]The district court considered matters outside of the pleadings. In
effect, therefore, the lower court treated and disposed of the motion to
dismiss as a motion for summary judgment. *See* MacDonald v. Kassel, 97
Nev. 305, 629 P.2d 1200 (1981); NRCP 12(b) and (c).

