**Mark J. SALOPEK, Plaintiff–Appellant,**

**v.**

**State of NEVADA; John Drew; F.L. "Rick" Cypher; Frank Clayton, Defendants–Appellees.**

No. 00–15004.

D.C. No. CV–99–00314–HDM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 17, 2001.

Decided July 24, 2001.

Before HUG and T.G. NELSON, Circuit Judges, and PREGERSON,* District Judge.

MEMORANDUM **

We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part and remand for further proceedings.

Mark J. Salopek ("Salopek") does not appeal the district court's dismissal of his claims against the State of Nevada and John Drew, F.L. Cypher, and Frank Clayton (hereinafter "his supervisors") in their official capacities on the ground that they were immune from suit under the Eleventh Amendment. Thus, our review is limited to the district court's dismissal of Salopek's claims against his supervisors in their individual capacities.

### A. Section 1983 Claims

Salopek's 42 U.S.C. § 1983 claim alleging a violation of his Fourteenth Amendment Due Process rights fails to state a claim upon which relief can be granted.[1] In his complaint, Salopek does not allege that his supervisors conspired to deprive him of any hearing or otherwise prevented him from having a full and fair opportunity to challenge his transfer in his administrative hearing. The fact that Salopek alleges that the reason given for his transfer is false is merely part of his § 1983 claim alleging that his supervisors constructively discharged him in retaliation for exercising his First Amendment rights. Thus, we affirm the district court's dismissal of Salopek's § 1983 claim alleging a violation of the Fourteenth Amendment.

However, we reverse the district court's dismissal of Salopek's § 1983 claim alleging constructive discharge in retaliation for the exercise of his First Amendment rights. We have said that in constructive discharge cases, periods of limitation begin to run on the date of resignation.[2] Thus, the district court erred in concluding that the two-year statute of limitations[3] began to run on the date Salopek received notice of his transfer.

### B. State Law Claims

The district court also erred in concluding that the two-year statute of limitations on Salopek's claims for a violation of free speech under the Nevada Constitution and for emotional distress began to run on the date he received notice of his transfer.[4] Salopek alleged that his supervisors deprived him of his state-created property right in continued employment by transferring him in retaliation for exer-

---

* Honorable Dean D. Pregerson, United States District Court Judge for the Central District of California.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Fed.R.Civ.P. 12(b)(6).

2. *Draper v. Coeur Rochester, Inc.,* 147 F.3d 1104, 1111 (9th Cir.1998).

3. *See* Nev.Rev.Stat. § 11.190(4)(e). The parties agree that Nevada's two-year statute of limitations for personal injury actions applies to Salopek's claims that are pertinent to this appeal.

4. Salopek's state law claim arising out of the failure to train and supervise employees was brought against only the State of Nevada. Because he did not appeal the district court's order pertaining to Eleventh Amendment immunity, that claim is no longer actionable. Further, Salopek concedes that his defamation and violation of public policy claims are time-barred.

cising his free speech rights under the Nevada Constitution. We construe such an allegation as a claim for tortious constructive discharge under Nevada law[5] and conclude that, as a matter of Nevada law, Salopek's date of resignation triggers the limitations period for this claim.[6] Thus, we reverse the district court's dismissal of Salopek's claim for a violation of free speech under the Nevada Constitution.

■ Salopek's claim for emotional distress alleges that, in addition to causing his transfer, his supervisors refused to withdraw that transfer. Salopek's pleadings do not specify when, if ever, he sought a reassignment back to Elko and when his supervisors refused to withdraw his transfer. However, these events may have occurred within two years of the date he filed his complaint. Because it must appear to a certainty that a plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint,[7] and the allegations of the complaint are sufficient to state a claim for emotional distress,[8] we reverse the district court's dismissal of Salopek's emotional distress claim.

### C. Claim and Issue Preclusion

■ Contrary to the defendants' argument, claim preclusion is not a basis for affirming the district court's dismissal of Salopek's claims for constructive discharge under § 1983, tortious constructive discharge, and emotional distress. Because these first two claims did not accrue until Salopek resigned, they could not have been asserted in his administrative hearing.[9] Moreover, Salopek's emotional distress claim is based in part on his supervisors' refusal to withdraw his transfer, which could have occurred after the completion of his administrative hearing.[10] If that were the case, then all of Salopek's emotional distress claim could not have been asserted in that hearing.[11]

■ Nor is issue preclusion a basis for affirming the district court's dismissal of these three claims. From the face of the complaint,[12] we cannot tell whether Salopek adequately raised the issue that his supervisors' actions were in retaliation for the exercise of his First Amendment rights.[13] That the Administrative Law

5. See Martin v. Sears, Roebuck and Co., 111 Nev. 923, 899 P.2d 551, 553 (Nev.1995) (stating elements of a claim for tortious constructive discharge).

6. Under Nevada law, a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought. Petersen v. Bruen, 106 Nev. 271, 792 P.2d 18, 20 (Nev.1990). Because a claim for tortious constructive discharge under Nevada law includes as an element the fact that the employee's resignation was induced by actions and conditions that are violative of public policy, see Martin, 899 P.2d at 553, we conclude that no wrong occurred until Salopek resigned.

7. Jacobellis v. State Farm Fire & Cas. Co., 120 F.3d 171, 172 (9th Cir.1997).

8. See Dillard Dep't Stores, Inc. v. Beckwith, 115 Nev. 372, 989 P.2d 882, 886 (1999) (stating elements of a claim for emotional distress).

9. See Havas v. Engebregson, 97 Nev. 408, 633 P.2d 682, 684 (Nev.1981) (holding that claim preclusion does not bar a claim where that claim had not yet accrued at the time of the earlier litigation).

10. See Jacobellis, 120 F.3d at 172 ("A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")

11. See Havas, 633 P.2d at 684.

12. Our review is limited to the contents of the complaint. Jacobellis, 120 F.3d at 172.

13. Under Nevada law, issue preclusion does not apply to matters which could have been

Judge ("ALJ") upheld Salopek's transfer as "being for the good of the public service" does not mean that his supervisors cannot be liable under § 1983 or for tortious constructive discharge.[14] Finally, Salopek's emotional distress claim is based in part on defendant's refusal to withdraw his transfer, which, according to the complaint, was not at issue before the ALJ.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

COSTS TO APPELLANT.

---

litigated but were not. *Executive Management, Ltd. v. Ticor Title Ins. Co.,* 114 Nev. 823, 963 P.2d 465, 473 (1998).

**14.** Under the so-called "mixed-motive" doctrine, his supervisors would still be liable under § 1983 if their decision to transfer Salopek was also motivated by a desire to retaliate against him. *See Thomas v. Douglas,* 877

F.2d 1428, 1433 (9th Cir.1989). We see no reason why the Nevada Supreme Court would not also follow the "mixed-motive" doctrine if it were addressing Salopek's claim for tortious constructive discharge.