HOLMBY, INC., APPELLANT, v. PAUL DINO AND TITLE INSURANCE AND TRUST COMPANY, RESPONDENTS, v. PAUL DINO, CROSS-APPELLANT, v. TITLE INSURANCE AND TRUST COMPANY, DIANNE TERRACINA AND ADA TESSLER, DBA SUNSHINE REALTY, CROSS-RESPONDENTS.

No. 13089

June 30, 1982

647 P.2d 392

*Lionel Sawyer & Collins, Dennis Kennedy,* Las Vegas, for Appellant.

*Albright, McGimsey & Stoddard; Deaner & Deaner;* and *Marquis & Haney,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This appeal follows a summary judgment entered in favor of respondent Dino, seller of certain real estate, and against appellant Holmby, Inc., the buyer. We affirm the summary judgment, thereby disposing of the appeal and cross-appeals.

In September of 1976, the parties entered into an agreement concerning the sale and purchase of two adjacent parcels of land. The agreement specified that escrow was to close on December 15, 1976, unless the buyer complied with certain conditions necessary to extend the escrow period. The agreement required Holmby to deposit $2,000.00 for the two parcels of land by November 16, in order to extend the close of escrow for an additional thirty days. The agreement provided for a maximum of three thirty-day extensions.

It is undisputed that the escrow agent received neither a check nor a letter of intent to extend escrow by the November deadline. The escrow agent did, however, receive a check and a letter of intent on December 1. Ten days later, the escrow agent received an additional check for $2,000.00 and a letter requesting that the escrow be extended for another thirty days, until February 16, 1977.

On December 17, Dino, the seller, notified the escrow agent that escrow was cancelled inasmuch as Holmby had failed to comply with the conditions for extension, and it had also failed to submit full down payment by December 16. Despite notification of the cancellation of escrow, Holmby tendered the down payment in February of 1977. When Dino refused tender, Holmby filed this suit to compel specific performance of the sales agreement.

We first consider whether appellant's payments, if made within a reasonable time, satisfied the terms of the sales contract. Holmby asserts that by paying the $2,000.00 within sixteen days of the specified deadline, it substantially complied with the agreement and therefore was entitled to an extension of escrow. Appellant further claims that tender of the full down payment in February, 1977, also amounted to substantial performance of the agreement, entitling Holmby to specific performance.

In support of this contention, appellant first argues that the court erred in concluding that time was of the essence in the sales agreement. Secondly, Holmby urges that even if time was of the essence, the doctrine of substantial performance should nonetheless apply.

We conclude that the district court was correct in determining that time was of the essence in the sales agreement. The offer and acceptance signed by the parties did not specifically so provide; however, the escrow instructions, which were subsequently signed, did specify that time was of the essence. Sales agreements and escrow instructions ordinarily are supplementary and thus should be read together. King v. Stanley, 197 P.2d 321 (Cal. 1948); Swanson v. Thurber, 281 P.2d 642 (Cal.App. 1955). Since the sales agreement and escrow instructions in this case were not inconsistent with each other, the inclusion of the provision in the escrow instructions was sufficient to make the condition binding on the parties.

We also reject appellant's contention that it was nevertheless entitled to a "reasonable time" to tender payment. In R & S Investments v. Howard, 95 Nev. 279, 593 P.2d 53 (1979), we held that where escrow instructions provide that time is of the essence, purchasers may not challenge a forfeiture on the ground that they had complied within a reasonable time. The very nature of an escrow arrangement is to provide for performance at a stated and unquestionable time. Consequently, the doctrine of substantial performance is not applicable to this case.

The remaining issues concern an encumbrance on the property which was made known to the buyer after the execution of the sales document. The encumbrance was an $11,000.00 deed of trust in the name of Gloria Trautz, beneficiary. Holmby asserts that the deed of trust disabled the seller from marketable title and thus precluded the entry of summary judgment in favor of the seller.

A majority of courts have held that, in the absence of contractual terms to the contrary, undischarged liens will not affect the marketability of title so long as there are sufficient funds in the escrow account upon its closing to satisfy the encumbrances. See, e.g., Sewell v. Dolby, 237 P.2d 366 (Kan. 1951); Robeson-Marion Development Co. v. Powers Co., 183 S.E.2d 454 (S.C. 1971). Holmby asserts that the general rule is not applicable in this instance because the Trautz deed contained a "future advances" clause which would permit the deed to serve as security for an indefinite amount of money. Holmby therefore claims that by tendering payment for the property while such an encumbrance still existed, a buyer

would risk financial loss if the encumbrance was greater than the down payment.

We reject appellant's contention that the existence of the deed of trust excused Holmby from timely tender of payment. Appellant has directed us to no authority which holds, under facts similar to this case, that performance would be excused. Moreover, there was undisputed evidence that the buyer would have been under no jeopardy by tendering payment. The escrow instructions, for example, specifically directed the escrow agent to remove all encumbrances which the buyer had not agreed to assume.[1] In addition, there was undisputed evidence that Dino would have been able to tender marketable title. The sales agreement provided that a title insurance policy would serve as evidence of marketable title. Dino presented uncontradicted evidence that he could have delivered an insured title to the buyer in spite of the trust deed. The buyer was thus amply protected. We therefore conclude that the existence of the encumbrance did not excuse Holmby's performance.

Holmby finally claims that Dino was foreclosed from cancelling escrow because of certain actions which Dino had taken. Holmby alleges that Dino represented that the encumbrance would be removed; that Dino queried as to whether he would be allowed additional time, if necessary, to remove the encumbrance; and that Dino failed to notify Holmby in advance that escrow had not been extended and that the original closing date was therefore in effect.

We cannot see how any or all of these actions, even if proven, would make a case for estoppel or waiver. None of these alleged actions bears upon the buyer's duty to comply with the terms of the agreement. Dino made no false or misleading representations to Holmby which would give rise to estoppel; nor did his alleged conduct constitute waiver, an "intentional relinquishment of a known right." Reno Realty v. Hornstein, 72 Nev. 219, 301 P.2d 1051 (1956). We therefore do

---

[1] The escrow instructions provided as follows:

> You will find the necessary Deeds, Trust Deeds and other instruments and then pay any encumbrances you may find against said property, except as set forth above.
>
> Deduct from the amount collected for my account any payments made by you pursuant to these instructions, together with your charges.

not conclude that Holmby's delay in performance was excused by Dino's actions. *Cf.* Pothast v. Kind, 24 P.2d 771 (Cal. 1933) (seller was not precluded from cancelling escrow upon buyer's failure to tender timely payment, even though seller had previously attempted to repudiate the contract).

The trial court properly entered summary judgment; we therefore affirm.

GUNDERSON, C. J., MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[2] concur.