An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

## IN THE SUPREME COURT OF THE STATE OF NEVADA

RUSSELL A. GULLO, INDIVIDUALLY,
Appellant,
vs.
CITY OF LAS VEGAS, A MUNICIPAL
CORPORATION,
Respondent.

No. 61843

**FILED**

JAN 1 5 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in a real property action. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

In 2010, appellant Russell A. Gullo entered into a purchase and sale agreement to sell real property to Resort Properties Group, LLC (RPG). RPG was obligated to make periodic nonrefundable payments, which it did. On June 15, 2011, RPG assigned its rights in the purchase agreement to respondent, the City of Las Vegas. Although the next periodic payment was due on July 1, 2011, on that date the City instead deposited signed closing documents and the entire amount due under the purchase agreement with the escrow agent, seeking to close escrow. As a result, Gullo did not receive the periodic payment for July 1.

It is unclear exactly when Gullo learned of the deposit and his need to sign the relevant closing documents, but it is undisputed that he did not sign the documents on July 1 or any time thereafter. Instead, Gullo claimed that the failure to make the July 1 periodic payment constituted a material breach entitling him to cancel the contract. He did not dispute, however, that the City signed all necessary closing documents or that the amount deposited was sufficient to fully satisfy the City's obligations under the purchase agreement. Consequently, the City sued Gullo for specific performance. The district court granted the City's

15-01723

motion for summary judgment, awarding it specific performance. This appeal followed.

On appeal, Gullo argues that genuine issues of fact remain, precluding summary judgment. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). He argues he was not contacted sufficiently far in advance of July 1 to make arrangements to accommodate a July 1 closing and should have been afforded a reasonable time to do so. The City answers that it is entitled to specific performance because it timely performed all of its responsibilities, and yet Gullo refused to sign the closing documents. This court reviews a summary judgment de novo. *Id.*

Specific performance is available when, according to the contract terms, the purchaser has tendered performance or can demonstrate that it is "'ready, willing, and able to perform.'" *Mayfield v. Koroghli*, 124 Nev. 343, 351, 184 P.3d 362, 367-68 (2008) (quoting *Serpa v. Darling*, 107 Nev. 299, 304, 810 P.2d 778, 782 (1991)). Here, the district court found that payment was timely tendered and that the escrow agent was in a position to close on July 1. Although Gullo asserts that the City provided no proof that the funds were available on that date, the City submitted an escrow officer's affidavit to that effect, which shows at least that the City was ready, willing, and able to perform, even if the funds had not yet cleared. Accordingly, the district court did not err in granting summary judgment or abuse its discretion in awarding specific performance. *See Mayfield*, 124 Nev. at 348, 184 P.3d at 366 (noting that this court reviews a district court's decision to award specific performance for an abuse of discretion). Further, because the City deposited the full purchase price, including the periodic payment amount, on July 1, even if the July periodic payment remained due, any failure to remit it will not defeat the district court's decision to grant specific performance. *See*

SUPREME COURT
OF
NEVADA

(O) 1947A

2

*Mosso v. Lee*, 53 Nev. 176, 182, 295 P. 776, 777-78 (1931) ("'Even where time is made material, by express stipulation, the failure of one of the parties to perform a condition within the particular time limited will not in every case defeat his right to specific performance, if the condition be subsequently performed, without unreasonable delay, and no circumstances have intervened that would render it unjust or inequitable to give such relief. The discretion which a court of equity has to grant or refuse specific performance, and which is always exercised with reference to the circumstances of the particular case before it, may and of necessity must often be controlled by the conduct of the party who bases his refusal to perform the contract upon the failure of the other party to strictly comply with its conditions.'" (quoting *Cheney v. Libby*, 134 U.S. 68, 78 (1890)) (internal citations omitted)).

Therefore, we conclude that the City is entitled to enforce the purchase agreement and the district court did not err when it granted the City summary judgment and specific performance. *Mayfield*, 124 Nev. at 350-51, 184 P.3d at 367; *Wood*, 121 Nev. at 729, 121 P.3d at 1029. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____

[1]We have considered Gullo's other arguments on appeal and conclude that they are without merit. We also decline to take Gullo's requested judicial notice regarding the potentiality for same-day wire transfers to be deposited the next day.

cc: Hon. Carolyn Ellsworth, District Judge
Lansford W. Levitt, Settlement Judge
Brian K. Berman
Las Vegas City Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A