# IN THE SUPREME COURT OF THE STATE OF NEVADA

SIERRA SITE SOLUTIONS, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
SRS LIQUIDATION, LLC, A NEVADA
LIMITED LIABILITY COMPANY;
OPPIO-CAPURRO PROPERTIES, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; SIERRA RESTROOM
SOLUTIONS, LLC; SWEEP NEVADA,
LLC; HIGH SIERRA SWEEPING, LLC;
CHARLES OPPIO, AN INDIVIDUAL;
KEITH CAPURRO, AN INDIVIDUAL;
BRAD CAPURRO; CLINTON CAPURRO;
AND CHAD BELDING,
Respondents.

No. 64834

FILED

JAN 1 5 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

SRS LIQUIDATION, LLC, A NEVADA
LIMITED LIABILITY COMPANY;
OPPIO-CAPURRO PROPERTIES, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; AND KEITH CAPURRO, AN
INDIVIDUAL,
Cross-Appellants
vs.
SIERRA SITE SOLUTIONS, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; AND PAUL PHILLIPS, AN
INDIVIDUAL,
Cross-Respondents

## ORDER AFFIRMING IN PART,
### REVERSING IN PART AND REMANDING

This is an appeal and cross-appeal from a district court judgment in a breach of contract action. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

16-01452

Appellant/cross-respondent Sierra Site Solutions, LLC (SSS) purchased portable toilet and street sweeping businesses from the seller respondents/cross-appellants. A year after the purchase, SSS stopped paying on a promissory note and the sellers filed the underlying action. The district court entered judgment in favor of the sellers and concluded that SSS had breached the promissory note and that the sellers had not breached their representations in the asset purchase agreement regarding their financial records and their top 30 clients' indications regarding any intention to materially decrease their business. The district court, however, did not award the sellers $18,973.95 for accounts receivable they asserted SSS had collected and owed to them. Nevertheless, the district court did award the sellers attorney fees and costs under the promissory note.

Having reviewed the parties' arguments and the record on appeal, we conclude that substantial evidence supports the district court's conclusions that the sellers did not breach their representations.[1] *See Sowers v. Forest Hills Subdivision*, 129 Nev., Adv. Op. 9, 294 P.3d 427, 432 (2013) (providing that this court will uphold the district court's factual findings as long as they are supported by substantial evidence). The parties' asset purchase agreement provided that the financial records fairly represented the financial condition of the sellers' businesses. A $28,735 mislabeled record in an almost million-dollar sale is not

---

[1]Both sides have attached excerpts of the trial transcript that do not include indications of the identities of the witnesses testifying. Appellant is responsible for making an adequate appellate record, and when "appellant fails to include necessary documentation in the record, we necessarily presume that the missing portion supports the district court's decision." *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007).

substantial evidence that the sellers failed to fairly represent the businesses' financial conditions. Further, there was no evidence that any of the sellers' top 30 clients had actually *indicated* to sellers that they would stop or materially decrease their business. Thus, we affirm the district court's findings that sellers did not breach these representations in the asset purchase agreement.

We, however, conclude that substantial evidence does not support the district court's finding that the sellers failed to prove that SSS owed them $18,973.95 in accounts receivable. *Sowers*, 129 Nev., Adv. Op. 9, 294 P.3d at 432. In its answer to the complaint, SSS admitted to the allegation that it had "collected on some outstanding accounts receivable that are owed to [sellers]." The businesses' office manager testified that SSS had collected the requested amount in accounts receivable on the sellers' behalf and never paid that amount to the sellers. Thus, substantial evidence does not support the district court's finding and we reverse the district court's denial of the sellers' claim for $18,973.95 in accounts receivable. *Sowers*, 129 Nev., Adv. Op. 9, 294 P.3d at 432.

Additionally, we conclude that the district court abused its discretion in awarding attorney fees and costs to the sellers. *Gunderson v. D.R. Horton, Inc.*, 130 Nev., Adv. Op. 9, 319 P.3d 606, 615 (2014) (explaining that this court reviews an award of attorney fees for an abuse of discretion). The district court awarded these fees and costs under the promissory note to which only SSS and respondent/cross-appellant Oppio-Capurro Properties, LLC were parties.[2] While the district court has the

---

[2]While the sellers assert that the district court awarded them attorney fees and costs under the promissory note as well as NRS 18.010(2)(b) and NRCP 37(c)(2), the district court's findings of fact, conclusions of law, and judgment only awarded fees and costs under the
*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

3

discretion to award all of the sellers' incurred fees and costs, it must first attempt to apportion the fees and costs associated with enforcing the promissory note from the rest of the fees and costs incurred in this case and then make specific findings regarding the circumstances of the case that make apportionment impracticable. *Mayfield v. Koroghli*, 124 Nev. 343, 353, 184 P.3d 362, 369 (2008). Because the district court did not make findings regarding the practicability of apportioning the fees and costs, we reverse and remand this matter to the district court.[3]

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc: Hon. Patrick Flanagan, District Judge
Robert L. Eisenberg, Settlement Judge
Snell & Wilmer, LLP/Reno
Robertson, Johnson, Miller & Williamson
Washoe District Court Clerk

---

*...continued*
promissory note and the district court's order regarding the amount of attorney fees and costs did not change or expand upon what grounds the court was awarding fees and costs.

[3]Because we reverse on these grounds, we need not address SSS's argument that the attorney fees award was unreasonable because only a portion of the fees were actually billed to the sellers. *See Miller v. Burk*, 124 Nev. 579, 588-89 & n.26, 188 P.3d 1112, 1118-19 & n.26 (2008) (explaining that this court need not address issues if they are unnecessary to resolve the case at hand).