# IN THE SUPREME COURT OF THE STATE OF NEVADA

JEFF VANBUSKIRK, AN INDIVIDUAL; AND DENISE VANBUSKIRK, AN INDIVIDUAL,
Appellants,
vs.
STANLEY NAKAMURA, AN INDIVIDUAL; AND STEPHANIE NAKAMURA, AN INDIVIDUAL,
Respondents.

No. 67816

**FILED**

MAY 20 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in a real property contract action. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

We review de novo a district court's order granting summary judgment, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and must determine whether the district court erred in interpreting and applying a contract's negotiation and time-is-of-the-essence provisions. We reverse.

On August 5, 2014, respondent-buyers Stanley and Stephanie Nakamura entered into a purchase agreement ("Agreement") for appellant-sellers Jeff and Denise Vanbuskirk's real property. Close of Escrow was to be September 10, 2014. Section 2(C) of the Agreement stated:

> [I]f the appraisal is less than the Purchase Price, the transaction will go forward if (1) Buyer, at Buyer's option, elects to pay the difference and

16-15908

purchase the property for the purchase price, or (2) Seller, at Seller's option, elects to adjust the purchase price accordingly, such that the Purchase Price is equal to the appraisal. If neither option (1) or (2) is elected, then parties may renegotiate; if renegotiation is unsuccessful, then either party may cancel this agreement upon written notice in which event the EMD shall be returned to buyer.

Section 25 stated that "time is of the essence" and that "[n]o change, modification, or amendment of this Agreement shall be valid or binding unless such change, modification or amendment shall be in writing and signed by each party."

On August 21st, after the appraisal came back $3,000 less than the purchase price, the Nakamuras sent the Vanbuskirks a proposed addendum lowering the purchase price, which evidenced their intent to forego the first option under Section 2(C); this document had no facial expiration date. On August 23rd, as the Vanbuskirks had not replied, the Nakamuras sent another proposed contract addendum with a 2-hour acceptance window. The Vanbuskirks did not reply within the specified deadline. On August 25th, the Vanbuskirks exercised option 2, accepting the August 21st addendum, which lowered the purchase price to match the appraisal value. The Nakamuras, however, insisted the addendum had expired and canceled the purchase agreement, demanding a return of their earnest money deposit. The Vanbuskirks refused to return the earnest money deposit, arguing that the Nakamuras failed to attempt renegotiations as required by Section 2(C).

The Nakamuras filed a complaint alleging breach of contract, seeking return of their $25,000 earnest money deposit. The Nakamuras moved for summary judgment, and the Vanbuskirks opposed, counter-

moving for a forfeit of the earnest money deposit. The district court granted the Nakamura's motion for summary judgment, holding that renegotiation efforts were unsuccessful because the Vanbuskirks "rejected" the Nakamuras' offer by not accepting it within the 2-hour timeframe. Further, the district court concluded that, because time was of the essence, the deadline for the Vanbuskirks to respond did not need to be reasonable. Thus, the district court held that the Nakamuras were entitled to a return of their earnest money deposit.

"[A] fundamental principle of contract law is that the time for performance under a contract is not considered of the essence unless the contract expressly so provides or the circumstances of the contract so imply." *Mayfield v. Koroghli*, 124 Nev. 343, 349, 184 P.3d 362, 366 (2008). If time is of the essence, performance must occur at the "stated and unquestionable time" and parties are not entitled to a reasonable time to perform thereafter. *Holmby, Inc. v. Dino*, 98 Nev. 358, 361, 647 P.2d 392, 394 (1982). "If time is not of the essence, the parties generally must perform under the contract within a reasonable time, which depends upon the nature of the contract and the particular circumstances involved." *Mayfield*, 124 Nev. at 349, 184 P.3d at 366. Whether the time in question is reasonable is a question of fact. *Id.* at 346, 184 P.3d at 364.

A contract that includes a clause providing in general terms that time is of the essence does not necessarily apply to pre-closing conditions that do not affect the specified closing date. *See Fletcher v. Jones*, 333 S.E.2d 731, 734 n.1 (N.C. 1985) ("If the condition precedent were of crucial import to either or both parties and needed to be fulfilled by a certain date, other than that set for closing, a separate date should have been explicitly included to govern the condition precedent, along with

SUPREME COURT
OF
NEVADA

(O) 1947A

a separate time-is-of-the-essence provision if necessary. It would then have been clear that this particular condition, separate from the act of closing, must be strictly performed by a different date."); *Harris v. Stewart*, 666 S.E.2d 804, 807 (N.C. Ct. App. 2008) (holding that "the reasonable time to perform rule applies to pre-closing conditions, even where an express deadline for the pre-closing condition is provided" unless a time is of the essence provision expressly applies to that condition); *see also Jackson v. Holmes*, 307 So. 2d 470, 472 (Fla. Dist. Ct. App. 1975) (concluding that the time-is-of-the-essence provision applied to the closing of the purchase and not a pre-closing condition requiring a bank loan certification, holding: "[A] 'time is of the essence' provision will be given effect in an equitable proceeding provided it is shown to be clearly applicable to the contract requirement which it is sought to be applied").

Thus, courts must determine the scope of a time-is-of-the-essence provision. *See* 17A Am. Jur. 2d *Contracts* § 471 (2004) ("[A] question of construction arises where the language of the contract taken in connection with the subject matter indicates some uncertainty as to the intended scope of the provisions that time is of the essence."); 8 Catherine M.A. McCauliff, *Corbin on Contracts* § 37.3 (Joseph M. Perillo ed., rev. ed. 1999) ("Merely putting into the contract the words 'time is of the essence of this contract' may be effective for the purpose, because the context may make clear what the intention is and what the expression means. What the court must know, however, in order to give effect to such a cryptic provision, is: *What performance at what time is a condition of what party's duty to do what?*").

Here, the purchase agreement included a general time-is-of-the-essence provision under Section 25, titled "Other Essential Terms,"

which simply stated: "Time is of the essence." Section 2(C), which governed the options for appraisal, did not include a specific date or time-is-of-the-essence provision. After receiving the appraisal for $3,000 less than the purchase price, it took the Vanbuskirks 4 days to invoke option 2 under Section 2(C)—providing the seller will lower the purchase price to match the appraised value. Had the Vanbuskirks expressly declined to lower the purchase price, then the parties should have attempted to renegotiate under option 3 of Section 2(C). For example, the parties could have renegotiated to split the cost of the difference between the purchase price and the appraised value. If those renegotiations were unsuccessful, either party had the right to cancel the agreement as per Section 2(C).

In this case, however, the Vanbuskirks did not expressly decline to exercise option 2; rather, they invoked it. The district court, on the other hand, concluded that the Vanbuskirks "rejected" the addendum by not responding within the 2-hour deadline. Yet, the district court failed to analyze whether the time-is-of-the-essence provision applies to Section 2(C), and, if not, whether the 4-day delay in accepting the addendum was reasonable. With 16 days remaining before the close of escrow after the Vanbuskirks accepted the addendum lowering the purchase price, it is not clear, based on the record before us, how this 4-day delay was unreasonable such that it would affect the closing date.

Thus, we disagree that there are no genuine issues of material fact regarding the scope of the time-is-of-the-essence provision and the reasonableness of the delay in lowering the purchase price. Therefore, summary judgment should not have been granted in favor of the Nakamuras. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Hon. Rob Bare, District Judge
Nathaniel J. Reed, Settlement Judge
Black & LoBello
Pintar Albiston LLP
Eighth District Court Clerk