# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| GREENLAND SUPER MARKET, INC., A NEVADA CORPORATION, Appellant, vs. KL VEGAS, LLC, A NEVADA LIMITED LIABILITY COMPANY, Respondent. | No. 73806 |
| GREENLAND SUPER MARKET, INC., A NEVADA CORPORATION, Appellant, vs. KL VEGAS, LLC, A NEVADA LIMITED LIABILITY COMPANY, Respondent. | No. 74931 |

**FILED**

NOV 21 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

These are consolidated appeals from a final judgment and a post-judgment order awarding attorney fees and costs in a commercial lease action. Eighth Judicial District Court, Clark County; David M. Jones, Judge.

### FACTS AND PROCEDURAL HISTORY

Appellant Greenland Super Market, Inc., entered into a lease agreement with Spring Mountain and Rainbow Investments, LLC (SMRI) in July 2009. The parties agreed to a second addendum to the lease, which provided a new schedule for Greenland's monthly rent to SMRI. This provision also included an avenue for Greenland, after submitting financial statements on a quarterly basis, to recover rent credits for any estimated base rent paid in excess of the actual rent due under the schedule. In 2010,

19-47664

SMRI filed a complaint against Greenland arguing that Greenland failed to pay an agreed upon amount for tenant improvements (First Action). Greenland filed a counterclaim seeking rent credits. The district court dismissed Greenland's counterclaim, finding that it was premature because Greenland had not provided SMRI any financial statements from which to establish any credit. Additionally, the court ruled in favor of SMRI on its breach of contract claim based on Greenland's failure to pay its share of tenant improvements.

In 2013, respondent KL Vegas, LLC, purchased SMRI's assets. In 2014, Greenland sued KL and asked that the district court declare the term "financial statements" used in Paragraph 68 of Addendum No. 2 to mean a report of gross sales (Current Action). After several rounds of pretrial motions and an 8-day bench trial, the district court entered its order with the following findings: (1) pursuant to the lease, Greenland was required to "submit financial statements, including, at a minimum, an income statement and balance sheet, to KL for the prior 3-month quarterly period within the next financial quarter"; (2) such a procedure was required of Greenland regardless of whether it was looking to obtain rent credits; (3) Greenland was only entitled to rent credits for the final quarter of 2016 if warranted and waived rent credits for prior quarters; (4) "[t]he [c]ourt will entertain motions for attorney's fees and costs incurred"; (5) "Greenland's claims are dismissed with prejudice"; and (6) "KL's counterclaims are dismissed with prejudice." Following this, the district court awarded KL attorney fees and costs because it found KL to be the prevailing party pursuant to the parties' lease agreement.

Greenland argues that the district court erred when it: (1) found that the First Action had a preclusive effect as to the meaning of financial

statements, (2) found that Greenland waived its right to rental credits, (3) found that the statements Greenland produced under the protective order were not performance under the lease, and (4) awarded KL attorney fees and costs as the prevailing party.

## DISCUSSION

*The district court did not improperly rely on findings in the prior action as to the meaning of financial statements*

A district court's decision to apply claim or issue preclusion presents a question of law that is reviewed de novo. *Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. 252, 256, 321 P.3d 912, 914 (2014).

While Greenland is unsure whether the district court applied claim or issue preclusion to reach its decision on the meaning of financial statements, it argues that the district court improperly based its decision on the First Action, finding that it had a preclusive effect. Specifically, Greenland argues that the Current Action district court erred because the First Action district court's decision to dismiss Greenland's counterclaim was not a final adjudication, since it allegedly dismissed the action without prejudice due to it being unripe. On the other hand, KL does not directly address any preclusive effect of the First Action, asserting that the court in the Current Action made its own independent determination of the meaning of financial statements and disclaiming any reliance on preclusion for maintaining the judgment in its favor.[1]

---

[1]To the extent Greenland argues that KL waived the preclusion issue, we disagree. While KL did not directly address the preclusion analysis, it did acknowledge the issue and argue that it was irrelevant as the Current Action district court did its own analysis as to the meaning of financial statement.

The Current Action district court used the doctrine of claim preclusion in ruling on KL's motion to dismiss Greenland's claims seeking rent credits for the periods covered in the First Action, i.e., July 2009 through June 2012. It found that the First Action district court's decision dismissed all claims related to credit collection efforts for that period of time, and thus, Greenland could not bring such claims in the Current Action. However, while the Current Action district court's final order references the rulings in the First Action, the court did its own analysis of what "financial statement" means in the lease based on the evidence presented at the trial it presided over. Because Greenland had not provided the documents deemed required for the earlier time period involved in the First Action, those claims would not have been successful even absent any preclusive effect from that case. Thus, notwithstanding the First Action district judge's rulings, Greenland's claims for that prior time period would have been rejected, and the Current Action district court did its own analysis in rejecting Greenland's claims for subsequent time periods. Accordingly, any error in this regard was harmless. *See* NRCP 61 (stating the court must disregard all errors and defects that do not affect a party's substantial rights); *Truckee-Carson Irrigation Dist. v. Wyatt*, 84 Nev. 662, 666-67, 448 P.2d 46, 49-50 (1968).

*The district court correctly relied on Greenland's previous admissions*

Greenland argues that the district court incorrectly relied on admissions it made in the First Action regarding the term "financial statements" meaning income and balance information. We disagree. It appears that the district court relied on a judicial admission. *Reyburn Lawn & Landscape Designers, Inc. v. Plaster Dev. Co.*, 127 Nev. 331, 343, 255 P.3d 268, 276 (2011) ("Judicial admissions are defined as deliberate,

clear, unequivocal statements by a party about a concrete fact within that party's knowledge." (internal quotations omitted)). In the First Action, Greenland admitted that it understood it needed to submit financial statements including an income statement and information for gross sales. Consequently, that is a fact that the district court could appropriately rely on in making its decision, and it was not error to the extent it did so.

*The district court did not err when it found that Greenland waived its right to rental credits*

"When the facts in a case are not in dispute, contract interpretation is a question of law, which this court reviews de novo." *Lehrer McGovern Bovis, Inc. v. Bullock Insulation, Inc.*, 124 Nev. 1102, 1115, 197 P.3d 1032, 1041 (2008). Greenland argues that the district court erred when it ruled that Greenland waived its right to rent credits because it failed to submit the required documents timely, relying on an asserted lack of a waiver clause in the lease. We disagree.

The district court, after reviewing the plain language of the lease, found that timely disclosure was required. The court relied on Paragraph 68 of Addendum 2, which states in relevant part:

> Lessee shall submit to Lessor on quarterly basis, financial statements showing the Gross Sales ("Gross Sales" is as defined below) for prior 3-month quarterly period. To the extent that Lessor has paid excess Base Rent (based on estimated monthly Base Rent payment of $45,000 pursuant to the Lease), Lessee shall receive credit from Lessor, which credit shall be applied to the Base Rents due for the following months until the credit is fully used.
>
> The term Gross Sales is defined as the total sales from the Lessee's retail operation of the market business conducted at the Premises less refunds and credits. It shall not include any sales

 

> from Lessee's wholesale and/or case and carry
> operations conducted at the Premises, if any.

Thus, the plain language of Paragraph 68 of Addendum 2 states that there was a time requirement to submit the financial statements.

The parties did not address in the district court or their appeal briefs whether there was an applicable "time is of the essence" clause in the lease, or any applicability of *Mayfield v. Koroghli*, 124 Nev. 343, 184 P.3d 362 (2008), to this case. At this court's request, the parties did address these issues at oral argument. As a result, we have confirmed that there is such a clause in the lease, and KL did notify Greenland in 2016 that its failure to timely provide the required financial information would constitute a waiver of any rental credit for such time periods. Paragraph 21 of the lease states that "[t]ime is of the essence with respect to the performance of all obligations to be performed or observed by the Parties under this Lease." This court has held that "a fundamental principle of contract law is that the time for performance under a contract is not considered of the essence unless the contract expressly so provides or the circumstances of the contract so imply." *Mayfield*, 124 Nev. at 349, 184 P.3d at 366. If time is of the essence, performance must occur at the "stated and unquestionable time," and parties are not entitled to a reasonable time to perform thereafter. *Holmby, Inc. v. Dino*, 98 Nev. 358, 361, 647 P.2d 392, 394 (1982). Under the circumstances, given these pertinent provisions of the lease, Greenland waived its right to submit its financial statements by not timely doing so, and the district court did not err by reaching that conclusion.

Greenland further argues that the district court erred when it determined that Greenland producing statements in 2016 under a protective order did not constitute performance under the lease. It argues

that there is no evidence to demonstrate that Greenland intended to waive the rent credits, as it submitted its financial statements. We disagree.

The confidential financial statements that Greenland submitted were "for discovery purposes only," and KL's representatives were only permitted to view them at its counsel's office, being prohibited from making copies, taking notes, or otherwise recording them. As a result, the district court properly did not consider this belated production, under a protective order on which Greenland insisted, to constitute a proper submission of financial statements pursuant to the lease. Further, such documents were not submitted within the timeframe required under the language of the lease as discussed above. Thus, the district court properly held that Greenland may only obtain rent credits for the quarters in which it complied with the timing and financial statement content requirements of Addendum 2, Paragraph 68, and submitted the statements to KL. Greenland timely provided the required financial statements directly to KL for the last quarter of 2016 in April 2017. Greenland's financial statements for all prior quarters were untimely. Therefore, we affirm the district court's refusal to award rent credits for any time before the final quarter of 2016.

*The district court correctly awarded KL attorney fees and costs after determining that KL was the prevailing party*

An award of attorney fees is generally reviewed for an abuse of discretion. *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 82, 319 P.3d 606, 616 (2014). Whether the district court applied the correct legal standard is reviewed de novo. *Id.* An award of costs is reviewed for an abuse of discretion. *Logan v. Abe*, 131 Nev. 260, 267, 350 P.3d 1139, 1144 (2015).

SUPREME COURT
OF
NEVADA

(O) 1947A

Greenland argues that the district court abused its discretion when it awarded attorney fees to KL because it was the prevailing party, not KL. It asserts that under the plain language of the lease, Greenland should have recovered the attorney fees and costs because it obtained relief sought through judgment. We disagree.

A "district court may not award attorney fees absent authority under a statute, rule, or contract." *Albios v. Horizon Communities, Inc.*, 122 Nev. 409, 417, 132 P.3d 1022, 1028 (2006). Here, the district court relied on the terms of the lease agreement to determine that KL was the prevailing party, as it "substantially" defeated Greenland's claims for relief. While Greenland is correct that the district court determined that its submission of financial statements for the last quarter of 2016 was timely and did not grant KL's counterclaim for eviction, the district court ultimately agreed with KL's reading of "financial statements" and the requirement to timely submit the same, which was the primary focus of the litigation.

Therefore, we conclude that the district court did not abuse its discretion when it awarded KL attorney fees and costs. Accordingly we

ORDER the judgments of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc: Hon. David M. Jones, District Judge
Robert F. Saint-Aubin, Settlement Judge
Perelman & Fink
Snell & Wilmer, LLP/Las Vegas
Michael B. Lee, P.C.
McDonald Carano LLP/Las Vegas
Eighth Judicial District Court Clerk