**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

APR 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IGNITE SPIRITS, INC., | No. 23-15635 |
| Plaintiff-Appellant, | D.C. No.<br>2:21-cv-01590-JCM-EJY |
| v. | |
| CONSULTING BY AR, LLC, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| IGNITE INTERNATIONAL BRANDS,<br>LTD., | |
| Counter-defendant. | |

| | |
|---|---|
| IGNITE SPIRITS, INC., | No. 23-15638 |
| Plaintiff, | D.C. No.<br>2:21-cv-01590-JCM-EJY |
| v. | |
| CONSULTING BY AR, LLC, | |
| Defendant-Appellee, | |
| v. | |

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

IGNITE INTERNATIONAL BRANDS,
LTD.,

      Counter-defendant-
      Appellant.

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted March 7, 2025
Las Vegas, Nevada

Before: RAWLINSON, MILLER, and DESAI, Circuit Judges.

Ignite Spirits, Inc. (Spirits) and Ignite International Brands, Ltd. (Brands) (collectively, Ignite) appeal from the district court's order granting summary judgment to Consulting by AR, LLC (AR) on its claim for breach of contract. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

As a federal court sitting in diversity, we apply the substantive law of the forum state, here, Nevada. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). We review the district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party to determine whether there are any genuine issues of material fact. *Csutoras v. Paradise High Sch.*, 12 F.4th 960, 965 (9th Cir. 2021). We review the district court's calculation of money damages for clear error. *See Felder v. United States*, 543 F.2d 657, 664 (9th Cir.

1976). And we review the district court's denial of a motion for reconsideration for abuse of discretion. *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987).

1. Brands was a party to the contract. Its president signed the letter agreement, and the letter agreement created obligations for Brands to issue shares as part of AR's compensation. Any ambiguity in the letter agreement is resolved by the option agreement in Exhibit B, which the letter agreement incorporated by reference. Exhibit B defined Brands as "the Company" and described the letter agreement as a contract between AR and "the Company," thus demonstrating that the parties understood Brands to be a party.

2. Ignite argues that AR materially breached the contract by failing to execute the definitive agreements between Ignite and Resorts World by the July 1, 2021 deadline, thereby relieving Ignite of its duty to pay. Under Nevada law, "one party's material breach of its promise discharges the non-breaching party's duty to perform." *Cain v. Price*, 415 P.3d 25, 29 (Nev. 2018). But AR did not materially breach the terms of the contract. Regardless of whether the contract made time of the essence, AR's one-day delay was not material because it did not impede the contract's purpose of establishing a strategic partnership between Ignite and Resorts World, especially given that both parties performed according to the contract's preliminary terms at Resorts World's grand opening at the end of June.

*See* 15 Williston on Contracts § 46:3 (4th ed. 2024). Furthermore, AR was not responsible for the delay, as Ignite received the definitive agreements from Resorts World by July 1 but did not finalize and sign them until July 2. *See NGA #2 Ltd. Liab. Co. v. Rains*, 946 P.2d 163, 169 (Nev. 1997).

3. Ignite also argues that AR breached the contract because the agreements with Resorts World did not contain substantially all of the desired terms listed in Exhibit A of the letter agreement. The letter agreement gave Ignite "sole and absolute discretion" over accepting the agreements with Resorts World. But Nevada law allows "[a] party [to] waive a condition in a contract if the condition was included in the contract for his or her benefit." *Mayfield v. Koroghli*, 184 P.3d 362, 368 (Nev. 2008). And Ignite has submitted no evidence of its dissatisfaction with AR's performance or determination that the agreements were unacceptable. Rather, the record shows the opposite: Ignite represented that it was content with the agreements. The district court thus correctly determined that Ignite waived AR's obligation to obtain substantially all of the terms. *See id.*

Ignite contends that the district court erred in finding waiver through the use of parol evidence. The parol evidence rule "bars extrinsic evidence regarding prior or contemporaneous agreements that are contrary to the terms of an integrated contract." *Khan v. Bakhsh*, 306 P.3d 411, 413 (Nev. 2013). But it does not apply to course-of-performance evidence that supplements or explains a contract's

requirements. *See* Restatement (Second) of Contracts § 209 cmt. a (Am. L. Inst. 1981); *M.C. Multi-Fam. Dev., LLC v. Crestdale Assocs., Ltd.*, 193 P.3d 536, 545 (Nev. 2008). Here, the evidence considered by the district court supplemented the "sole and absolute discretion" provision by showing that Ignite chose not to voice any objections over the course of the contract's performance.

4. Finally, Ignite argues that the district court erred in awarding money damages. Once it determined that Ignite materially breached the contract by failing to compensate AR, the district court correctly awarded damages "to place the nonbreaching party in as good a position as if the contract had been performed." *Colorado Env'ts, Inc. v. Valley Grading Corp.*, 779 P.2d 80, 84 (Nev. 1989). And the court did not clearly err in calculating damages. Under the contract, Ignite promised to provide AR with CAD 2 million of Brands subordinate voting shares at the time of execution of the definitive agreements. The contract thus provided a clear monetary value of the shares and a specific date of issuance: CAD 2 million on July 2, 2021, the day the definitive agreements were executed.

In its motion for reconsideration, Ignite submitted evidence of Brands' take-private transaction, which it claimed would have lowered the value of Brands' shares. But subsequent events are irrelevant to the shares' stated value on July 2, 2021. The district court did not abuse its discretion in denying reconsideration.

**AFFIRMED.**

5